**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

KESTER OBOMIGHIE        *

Petitioner        *

v        *       Civil Action No. ELH-11-746
                      Related Criminal Case HFM-91-391

UNITED STATES OF AMERICA        *

Respondent        *
                                     ***

<u>**MEMORANDUM**</u>

Pending is respondent's answer to show cause. ECF No. 7. The court finds a hearing is not necessary to the disposition of this case. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Petitioner was indicted on four counts of access device fraud in violation of 18 U.S.C. § 1029 in October 1991, based on his use of four counterfeit credit cards. ECF No. 7. He pleaded guilty to count one of the indictment and on May 20, 1993, was sentenced to four months in prison and order to pay restitution in the amount of $13, 353.73.

In the petition for coram nobis, petitioner asserts that trial counsel's performance was deficient in the underlying criminal case because he failed to advise petitioner that a guilty plea to a charge of access device fraud in violation of 18 U.S.C. § 1029 would expose him to deportation. ECF No. 1. He further claims he would not have pleaded guilty had he been advised that there may be deportation consequences to his plea. *See Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) (holding "that counsel must inform [his] client whether his plea carries a risk of deportation"). As relief, petitioner seeks an order vacating the conviction because the plea was not knowing and voluntary. *Id.*

**Standard of Review**

A writ of error coram nobis is an "extraordinary remedy available only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue. *See* 28 U.S.C. § 1651 (2006); *Morgan*, 346 U.S. at 512-13. Coram nobis is available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). This extraordinary writ is used where "no other remedy may be available," and an "error of the most fundamental character" must have occurred. *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). Coram nobis relief may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. *Id.* The Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle*, 517 U.S. at 429.

To be entitled to coram nobis relief, a petitioner must demonstrate that: "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" *United States v. Bazuaye*, 399 F.App'x. 822, 824 (4th Cir. 2010) (unpublished) (quoting *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir. 1987)).

**Analysis**

"Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-81 (2010)

(quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The Supreme Court in *Padilla* held

in part that the "weight of prevailing professional norms supports the view that counsel must

advise her client regarding the risk of deportation." *Padilla,* 130 S. Ct. at 1482. The Court went

on to observe that "the terms of the relevant immigration statute are succinct, clear, and explicit

in defining the removal consequence for Padilla's conviction," rendering his deportation

presumptively mandatory in light of his guilt plea. *Id*. at 1483. Thus, counsel's failure to advise

the defendant of the deportation consequences of the guilty plea was ineffective assistance of

counsel in violation of Padilla's Sixth Amendment rights. *See id.* ("[W]hen the deportation

consequence is truly clear, as it was in this case, the duty to give correct advice is equally

clear.").

The Supreme Court's holding in *Padilla* effectively changed the law in nine circuits.

Every circuit to have previously addressed the issue had concluded that deportation is a collateral

consequence of a conviction and counsel is not ineffective for neglecting to warn the client about

the potential immigration consequences of conviction. *See United States v. Gonzalez,* 202 F.3d

20 (1st Cir. 2000); *United States v. Santelises,* 476 F.2d 787 (2d Cir. 1973); *United States v. Del

Rosario,* 902 F.2d 55 (D.C. Cir. 1990); *United States v. Yearwood,* 863 F.2d 6 (4th Cir. 1988);

*United States v. Banda,* 1 F.3d 354 (5th Cir. 1993); *United States v. George,* 869 F.2d 333 (7th

Cir. 1989); *United States v. Fry,* 322 F.3d 1198 (9th Cir. 2003); *Broomes v. Ashcroft,* 358 F.3d

1251 (10th Cir. 2004); *United States v. Campbell,* 778 F.2d 764 (11th Cir. 1985). These holdings

provide strong support for the proposition that *Padilla* announced a new rule of law.

On its face, there is nothing in the *Padilla* decision which indicates that it is retroactively

applicable to cases on collateral review. *See United States v. Hernandez-Monreal,* 404 F. App'x

714, 715 n.* (4th Cir. 2010). In *Teague v. Lane,* 489 U.S. 288 (1989), and subsequent cases,

the Supreme Court laid out the framework for determining when a rule announced in its decisions should be applied retroactively in criminal cases that are already final on direct review. "Under the *Teague* framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." *Whorton v. Bockting,* 549 U.S. 406, 416 (2007).

In general, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final. *See Teague*, 489 U.S. at 301. It does not appear that the *Padilla* decision was dictated by precedent existing at the time petitioner's conviction became final. The majority writing for the Court in *Padilla* noted that immigration laws had dramatically changed over the years, raising the stakes resulting from an alien's (noncitizen's) criminal conviction, and the Court was responding to those changes brought about by the limitations imposed on a judge's discretionary authority to afford relief from removal. Although the Court did not indicate whether it was creating a new rule of law, it did express concern about recognizing "new grounds" for attacking the validity of guilty pleas.[1] *Padilla*, 130 S. Ct. at 1485.

But, in this case, whether *Padilla* applies retroactively or not, this Court declines to grant coram nobis relief under a Sixth Amendment analysis. To establish ineffective assistance of counsel, petitioner must show both that counsel's performance was deficient and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Representation is deficient if it falls below "an objective standard of reasonableness." *Id*. at 688.

_____

[1] Indeed, the language in *Padilla* suggests that the Justices recognized the novelty of its holding. *See Padilla*, 130 S.Ct. at 1486 ("[W]e now hold that counsel must inform her client whether his plea carries a risk of deportation.") In his concurring opinion, Justice Alito noted that the Supreme Court "has never held that a criminal defense attorney's Sixth Amendment duties extend to providing advice about [collateral consequences of a conviction]." *Id*. at 1488 (Alito, J., concurring).

It must be demonstrated that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id.* at 687. The standard of review for assessing such competence is "highly deferential," and there is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id*. at 669. A showing of prejudice requires that (1) counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result, and that (2) there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See id.* at 690-94. "The benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*. at 686. A determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted had the attorney been deficient. *See id.* at 697.

Petitioner's counsel was not deficient in failing to advise of possible deportation. At the time of petitioner's guilty plea, aliens convicted of an aggravated felony at any time after entry to the United States were deportable. *See* 8 U.S.C. § 1251(a)(2)(A)(iii) (1993). In 1993, "aggravated felony" was defined as:

> murder, any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2) of Title 18, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, any offense described in section 1956 of Title 18 (relating to laundering of monetary instruments), or any crime of violence (as defined in section 16 of Title 18, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years, or any attempt or conspiracy to commit any such act. Such term applies to offenses described in the previous sentence whether in violation of Federal or State law and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years.

8 U.S.C. § 1101(a)(43) (1993). The fraud offense to which petitioner pleaded guilty was not included in the definition of "aggravated felony" at the time of his guilty plea and would not have subjected him to deportation proceedings. Subsequent changes to the law defining aggravated felony to include financial fraud involving more than $10,000, enacted in 1996, made petitioner's offense a deportable offense. *See* 8 U.S.C. § 1101(a)(43)(M)(i) (1997). Counsel's failure to predict that change in the law, however, does not constitute deficient performance within the meaning of *Strickland*. "[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt,* 66 F. 3d 1350, 1360 (4th Cir. 1995).

In light of the above, there is no basis to issue the extraordinary relief contemplated by the Writ of Error Coram Nobis. Petitioner presents "no factual errors material to the validity and regularity of the legal proceeding itself," *Carlisle* 517 U.S. at 429, nor demonstrates "error of the most fundamental character," *Mandel*, 862 F.2d at 1075, to justify relief. Accordingly, the petition shall be denied. An Order implementing this ruling follows.


July 18, 2011                                    /s/_____
Date                                             Ellen Lipton Hollander
                                                 United States District Judge